ORDER ON REHEARING
MR. JUSTICE SHEEHY:
First State Bank of Forsyth, the principal party-lender in this case has petitioned for rehearing, and its petition for rehearing, and its petition for rehearing has been joined in by First Interstate Bank of Missoula, NA, and the Montana Bankers’ Association, as amici curiae. Counsel for Chunkapura opposes the petition, as does amicus Concerned Citizens Coalition.
The briefs of amici for the Bank point out that the prospective effect of our decision could adversely affect lenders and investors who have financed loans in commercial lending or investment settings and who have used trust indentures to secure all or part of those loans or investments.
The rationale of our decision in Chunkapura is based upon the “quid pro quo” suggested to the legislature to secure passage of the Small Tract Financing Act. that is the giving up of a deficiency judgment on the one hand by the lenders in exchange for the giving up by the borrowers of the right of possession to the property for one year and the right of redemption after foreclosure sale. Such quid pro quo does not apply to loans made in commercial settings, nor to trust deeds secured by residential or other property which are *67 only part of larger, more complex loans for commercial or agricultural purposes.
In Chunkapura, we have before us only a trust deed related to an occupied, single family residential property. It is suggested by amicus First Interstate Bank of Missoula that our opinion should be limited in effect to the kind of security before us in Chunkapura and similar cases involving residential property. We agree.
Our opinion in this cause is limited to the Chunkapura property, and is to be considered as precedent only for trust property. We keep in effect our determination that to insure finality and the safety of real estate titles, that the effect of this opinion shall be prospective only except to the Chunkapuras and that deficiency judgments in judicial foreclosures under trust deeds which have been entered and docketed prior to the date of our opinion, and which relate to occupied,single family residential property are hereby held to be valid and legal; and that deficiency judgments under such proceedings for likely property entered and docketed after the date of our opinion (March 10, 1987) are invalid and of no effect.
As so modified, our original opinion is affirmed. Let remittitur issue.
MR. CHIEF JUSTICE TURNAGE and MR. JUSTICES HARRISON and HUNT concur.